**UNITED STATES DISTRICT COURT**                                        JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.    **CV 24-3908-JFW(MRWx)**                          Date:  June 21, 2024

Title:      Monica Y. Avalos -*v*- Nissan North America, Inc., et al.

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                                 **None Present**
    **Courtroom Deputy**                               **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                              None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER GRANTING PLAINTIFF MONICA Y. AVALOS'S**
    **MOTION TO REMAND AND DENYING REQUEST FOR**
    **ORDER TO SHOW CAUSE PURSUANT TO RULE**
    **11(c)(3) [filed 5/21/2024; Docket No. 10]**

On May 21, 2024, Plaintiff Monica Y. Avalos ("Plaintiff") filed a Motion to Remand and Request for Order to Show Cause.  On June 3, 2024, Defendant Nissan North America, Inc. ("Defendant") filed its Opposition.  On June 6, 2024, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for June 24, 2024 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On March 20, 2018, Plaintiff purchased a new 2018 Nissan Sentra (the "Subject Vehicle"). The Subject Vehicle was allegedly covered by various warranties issued by Defendant, including, *inter alia*, a 3-year, 36,000 mile express bumper to bumper warranty and a 5-year, 60,000 mile limited power train warranty. Plaintiff alleges that the Subject Vehicle was delivered to Plaintiff with serious defects and non-conformities to warranty and later developed other serious defects and non-conformities to warranty, including transmission, electrical, suspension, engine, and structural system defects. Plaintiff alleges that she delivered the vehicle to Defendant's authorized repair facilities multiple times, but that Defendant failed to repair the vehicle after a reasonable number of opportunities.

On May 10, 2024, Plaintiff filed a Complaint against Defendant in Los Angeles County Superior Court, alleging the following claims for relief: (1) violation of the Song-Beverly Act --

Initials of Deputy Clerk _sr_

breach of express warranty; (2) violation of the Song-Beverly Act -- breach of implied warranty; (3) violation of Song Beverly Act, Cal. Civil Code § 1793.2(b); and (4) fraud -- fraudulent inducement -- concealment.  In her Prayer for Relief, Plaintiff seeks: (1) general, special, and actual damages according to proof at trial; (2) rescission of the purchase contract and restitution of all monies expended; (3) diminution in value; (4) incidental and consequential damages according to proof at trial; (5) civil penalties in the amount of two times Plaintiff's actual damages; (6) punitive damages; (7) prejudgment interest at the legal rate; (8) reasonable attorneys' fees and costs of suit; and (9) any other relief the Court deems just and proper under the circumstances.

Plaintiff served her Complaint on Nissan on May 11, 2023, and, on August 8, 2023, Defendant filed its Answer in State Court.  On August 25, 2023, Plaintiff served a copy of the Case Management Conference Statement on Defendant, wherein Plaintiff stated:

> Plaintiff seeks rescission of the purchase contract, restitution of all monies expended for the vehicle, incidental and consequential damages, civil penalties in the amount of two times Plaintiff's actual damages, diminution in value, prejudgment interest, reasonable attorneys' fees and costs of suit, general, special, and actual damages according to proof at trial. Plaintiff's restitution damages are in excess of $50,000.00 and attorney's fees and costs are currently in excess of $20,000.00.

Case Management Conference Statement (Docket No. 10-7).

On May 9, 2024, more than eight months later, Defendant filed a Notice of Removal of Action from State Court to Federal Court Under 28 U.S.C. § 1441(b) (Diversity) ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Plaintiff now moves to remand, arguing that the Case Management Conference Statement triggered Defendant's 30-day period for removal of this action.

## II.    LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*).

A complaint must be removed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or, where the initial pleading is not removable, "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

which is or has become removable."  28 U.S.C. § 1446(b).

The Ninth Circuit has described this statute as providing "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper from which it may be ascertained that the case is one which is or has become removable." *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 692 (9th Cir. 2005).  Under the second "pathway" to removal, the "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).   In determining whether a pleading makes it ascertainable that federal jurisdiction exists so as to trigger one of the thirty-day deadlines for removal, "defendants need not make extrapolations or engage in guesswork; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).  "Multiplying figures clearly stated in a complaint is an aspect of that duty." *Id.*

While untimely removal is a procedural rather than jurisdictional defect, "a timely objection to a late petition will defeat removal[.]"  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

## III.   DISCUSSION

The parties agree that the parties are completely diverse and that the amount in controversy exceeds $75,000, and thus that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The only dispute is whether Defendant timely removed this action within thirty days after "receipt by the defendant, through service or otherwise, of a copy of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable."

Plaintiff contends that the Case Management Conference Statement served on Defendant on August 25, 2023 made the amount in controversy "unequivocally clear and certain."  The Court agrees.  Plaintiff's Case Management Conference Statement expressly states that Plaintiff is seeking "restitution damages which are in excess of $50,000.00 and attorney's fees and costs which are currently in excess of $20,000" and civil penalties in the amount of "two times Plaintiff's actual damages."[1] By simple mathematical computation, it is "unequivocally clear and certain" that the amount in controversy is in excess of $75,000.

Defendant has relied on nearly identical Case Management Conference Statements to successfully remove other cases, and it is grossly disingenuous to now claim that the Case Management Conference Statement cannot be relied upon as a reasonable estimate of the

---

[1]The Court concludes that the amount in controversy includes the civil penalties authorized by the Song-Beverly Act. *See, e.g., Treuhaft v. Mercedes-Benz USA, LLC*, 2021 WL 2864877, at *2 (C.D. Cal. July 6, 2021) (finding that civil penalties under the Song-Beverly Act should be included in determining the amount in controversy); *Delgadillo v. FCA US LLC*, 2021 WL 5564623, at *4 (C.D. Cal. Nov. 29, 2021) (same).

Initials of Deputy Clerk  _sr_

amount in controversy in this case.  *See* Plaintiff's Request for Judicial Notice ("RJN"), Exs. A-G.[2]

Because Defendant failed to remove this action within thirty days after receipt of an "other paper" from which it may first be ascertained that the case is removable, the Court concludes that this action must be remanded.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**.  This action is **REMANDED** to Los Angeles County Superior Court.

Plaintiff's Request for Order to Show Cause is **DENIED**.

IT IS SO ORDERED.

---

[2]The Court **GRANTS** Plaintiff's unopposed Request for Judicial Notice.

Initials of Deputy Clerk   sr